34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy L. DAHOOD, Plaintiff-Appellant,
v.
Marc RACICOT, Attorney General for the State of Montana;
Robert J. Robinson, Administrator Gambling Control Division
of the Montana Department of Justice; 8 Unknown Agents, of
the Gambling Control Division of the Montana Department of
Justice, Defendants-Appellees.
 No. 93-35122.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 29, 1994.*
Decided Aug. 26, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy Dahood appeals the district court's summary judgment in favor of defendants, eight unnamed officers of the Montana Department of Justice, in her 42 U.S.C. Sec. 1983 civil rights action. Dahood alleges that the officers violated her Fourth Amendment right against unreasonable searches and seizures during two searches of her bar. We hold that the officers are entitled to qualified immunity, and affirm.
 
 
 3
 Dahood contends that the reasonableness of the officers' actions is a question for the jury, and is thus not properly decided on summary judgment. The question of qualified immunity, however, "ordinarily should be decided by the court long before trial." Hunter v. Bryant, 112 S.Ct. 534, 537 (1991). Thus, although reasonableness is traditionally a question for the jury, in the context of the affirmative defense of qualified immunity, the reasonableness of a defendant's actions is properly decided by the court. See id. As the parties agree on the basic underlying facts and the only disputed material fact identified by Dahood is the reasonableness of the officers' actions, summary judgment was not improper. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993).
 
 
 4
 The officers are entitled to qualified immunity if "a reasonable officer could have believed [the officers' actions] to be lawful, in light of clearly established law, and the information the ... officers possessed." Hunter, 112 S.Ct. at 536 (quotations omitted). If the law that forms the basis of the suit was not clearly established at the time of the alleged violation, a defendant officer is protected from liability for civil damages. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The standard is wholly objective; we do not consider whether the officers were in fact acting on a good faith belief that their actions were lawful, but only whether a reasonable officer could have believed them to be lawful. See id. at 815-19.
 
 
 5
 Dahood challenges the officers' actions at various stages of the execution of the two search warrants. First, Dahood argues that the officers did not act reasonably in obtaining the search warrants, because the officers had already obtained sufficient evidence to prosecute Dahood. However, police officers may have probable cause to obtain a warrant to search for additional evidence when an original warrantless search by consent of the defendant has already yielded evidence of a crime. See United States v. Whitworth, 856 F.2d 1268, 1282 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989). Furthermore, "we may not question the wisdom of using a warrant, as opposed to less intrusive methods available to the agency." United States v. Cardwell, 680 F.2d 75, 78 (9th Cir.1982). Under the rationale of these decisions, the officers were reasonable in their belief that they could legally obtain a warrant to search for additional evidence. Because the second search warrant was obtained upon evidence of crimes that occurred after the first search warrant was executed, the first search did not render the second unreasonable. See Whitworth, 856 F.2d at 1281-82.
 
 
 6
 Dahood also alleges that the officers were unreasonable in executing the warrant at the time of day and week that they did, because in doing so they made the search more intrusive than it would otherwise have been. Failure to use the least intrusive means available is not necessarily unreasonable, however, if officers have otherwise valid reasons for proceeding as they do. See Illinois v. Lafayette, 462 U.S. 640, 647-48 (1983). A reasonable officer could have believed that the search would yield the most evidence if it was done at a time when gambling activity was likely to be at its peak, and that a search at such a time was within the bounds of the law.
 
 
 7
 Nor did the use of twelve officers amount to excessive force. The record clearly indicates that the officers did not use threats or physical force. In light of the size of the bar and the possibility that the clientele might be unruly, the officers reasonably could have believed that a show of strength was necessary to insure an orderly search. We thus conclude that the officers were reasonable in their belief that the conduct of the search was within constitutional bounds. See Duran v. City of Douglas, Ariz., 904 F.2d 1372, 1376 (9th Cir.1990) (police may take any reasonably necessary steps in executing warrants, including interference with personal autonomy).
 
 
 8
 Dahood also alleges that the officers' intent in obtaining the warrants and in executing them at the time and in the manner that they did was not to obtain evidence of wrongdoing, but simply to harass her. Because we have found that the officers could reasonably have taken the actions that they did in the absence of improper motivation, however, the officers are immune from liability regardless of their actual state of mind in seeking and executing the warrants. See Harlow, 457 U.S. at 815-819.
 
 
 9
 Finally, Dahood argues that the officers violated the Fourth Amendment by seizing items not specifically described in the search warrant. The warrant commanded a search for "evidence of the crimes of gambling and possession of illegal gambling devices[, s]pecifically ... pull tabs and pull tab boards." We agree with Dahood that the warrant authorized only the search for and seizure of pull tabs and pull tab boards. The officers could not reasonably have relied on the language of the search warrant to conclude that they could search for and seize any and all evidence of gambling, because the law is clearly established that a warrant authorizing such a broad search is invalid on its face. See, e.g., United States v. Holzman, 871 F.2d 1496, 1509 (9th Cir.1989) (warrant authorizing search for "any property or devices used or obtained through fraud operations" is overbroad); United States v. Whitten, 706 F.2d 1000, 1014 (9th Cir.1983) (warrant allowing search for "evidence of narcotics trafficking" is overbroad), cert. denied, 465 U.S. 1100 (1984).
 
 
 10
 Under the plain view doctrine, however, evidence not specifically named in the warrant but found in the course of an otherwise valid search may lawfully be seized. Horton v. California, 496 U.S. 128, 142 (1990). Under established law at the time the seizures occurred, the officers needed probable cause to seize items that were not authorized by a warrant, but that were found in plain view. Arizona v. Hicks, 480 U.S. 321, 326 (1987). Unchallenged facts established by depositions of the officers show that the officers were reasonable in the belief that they had probable cause to seize the items as evidence of illegal activity.
 
 
 11
 The officers were also required to have "a lawful right of access to the object[§ themselves]." Horton, 496 U.S. at 137. Because the search for pull tabs necessarily included a search of the entire premises, the officers had such a right of access. The officers thus were reasonable in their belief that seizing the additional items was within the constitutional bounds of their authority.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3